[Civ. Nos. 8488, 8489. Second Appellate District, Division Two.— July 26, 1934.]

ROSE ACKLES, Respondent, v. CHARLES N. LANE, Appellant.

ALBERT ACKLES, Respondent, v. CHARLES N. LANE, Appellant.

Armand H. Blum for Appellant.

Paul R. Hutchinson and Hugh M. Bole for Respondents.

SCOTT, J., *pro tem.*—Plaintiffs in these two cases, husband and wife, recovered judgment against defendant for damages incurred when the latter's car was involved in an accident with a car in which plaintiffs were riding as guests. Albert Ackles sought personal damages for his own injuries, special damages for his wife's expenses and general damages for loss of her services. Rose Ackles asked general damages for personal injuries. The cases were tried together and plaintiffs recovered judgment.

The testimony shows that defendant was turning to the right off the highway into his residence when the car oc-

cupied by plaintiffs collided with that driven by him. Appellant does not contend that the evidence is insufficient to support the verdicts or that any negligence of the driver of the car in which respondents were riding as guests would be imputed to them. Instructions given and refused are the sole points urged on appeal.

The court instructed the jury: "You are instructed that in an emergency a person in great peril of doing injury or of being injured, where immediate action is necessary to avoid it, is not required to exercise all of that presence of mind and carefulness that are justly required of a careful and prudent man under ordinary circumstances, and the reasonableness of his effort to escape injury after the discovery of the danger is a question for you to determine in view of all the circumstances." The instruction failed to include the necessary element to the effect that the emergency must have arisen without negligence on the part of the person referred to, and it therefore did not correctly state the law. Since respondents were not driving the car in which they were riding, and no question as to contributory negligence arose, no such emergency was presented as to them. The instruction was inapplicable and should have been omitted. Under the testimony, however, it does not appear that it could have misled the jury.

Section 130, subdivision (a), California Vehicle Act, relating to arm signals, was read to the jury and they were then told: "I instruct you that it was the duty of the defendant to see if there was any car back of him that might be affected by his turn and if there was to make a signal plainly visible to such car in the manner provided by the State Motor Vehicle Act, and the failure so to warn such car would constitute negligence on the part of the defendant. I further instruct you that if you believe that the defendant Lane complied with the above rule of law and used such care as an ordinarily prudent person would have used under ordinary or similar circumstances, then I instruct you that the defendant Lane was not negligent and your verdict must be in favor of the said defendant Lane." Appellant contends that the above instructions were prejudicially erroneous, but it would seem that they merely paraphrased the part of the vehicle act which had been read to the jury and added a paragraph on the general question

of liability, and that they would have been construed by the jury in the light of the provisions of the vehicle act just read to it.

■ The court gave the jury an instruction on the question of the amount of damages, if any were to be allowed, which is objected to by appellant, not because it is an incorrect statement of law as to what damages are allowable, but because it did not clearly segregate the items allowable to each plaintiff. Having had the issues defined and the evidence presented as to each respective plaintiff, there is nothing to indicate that the jury failed to properly consider and apply the law as set out in the instruction. Appellant failed to request the trial court to give any instruction which might clarify the question of damages. He does not contend that there is anything in the jury's award, in the light of the testimony, which would suggest that the jurors misunderstood or misapplied the instructions on this point. On this appeal appellant concedes that the instruction complained of is not of sufficient importance to be prejudicially erroneous, standing alone, but urges that it accentuated the prejudicial effect of the other instructions complained of.

■ Appellant further asserts that the court erred in refusing to give an instruction offered by him to the effect that the driver of the car in which plaintiffs were riding was bound to anticipate and look out for other automobiles and keep his car under control, and that if he failed to do so and such negligence was the sole cause of the accident the verdict should be for defendant. Upon reading and analyzing the court's entire instructions to the jury it does not appear that the jurors could have been misled or confused, or that any element of law essential to the case was omitted or misstated. We may reasonably assume that the jurors heeded the court's admonition, given at the outset, that they were not to select a single instruction or a portion of one, but were to consider them all, and that on doing so they understood and applied the legal principles which the instructions set forth.

Judgments affirmed.

Stephens, P. J., and Craig, J., concurred.